IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Action No. 08-cv-00435-LTB

BUILDER MT LLC,

    Plaintiff,

v.

ZYBERTECH CONSTRUCTION SOFTWARE SERVICES, LTD, d/b/a HOMEFRONT, and DARYL SHENNER, individually,

    Defendants.
_____

# ORDER
_____

    This intellectual property case is before me on Defendants, Zybertech Construction Software Services, LTD ("Zybertech"), and Daryl Shenner's Motion to Dismiss Plaintiff's Complaint [**Docket # 10**]; Plaintiff, Builder MT LLC's, Response [**Docket # 12**]; and Defendants' Reply [**Docket # 13**]. Oral arguments would not materially assist the determination of this motion. After consideration of the motion, the papers, and the case file, and for the reasons stated below, I GRANT Defendants' Motion to Dismiss [**Docket # 10**] and DISMISS this case.

## I. BACKGROUND

    The following facts are alleged in the Complaint [**Docket # 1**]. Plaintiff is a software developer that markets and sells software to the construction industry. Plaintiff entered into a contractual agreement (the "Agreement") with Zybertech—a Canadian company—under which Zybertech agreed to sell Plaintiff's products in Canada. Zybertech also agreed not to sell or promote any competing software and not to copy Plaintiff's software except for backup

purposes. Zybertech also agreed not to make Plaintiff's software available to third parties except as authorized by the Agreement or as consented to in writing by Plaintiff. Plaintiff alleges Zybertech used Plaintiff's software to design and develop its own competing software program.

Plaintiff filed the present Complaint on February 29, 2008, alleging five claims for relief: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) promissory estoppel; (4) implied contract/unjust enrichment; and (5) conversion. Defendants filed the present motion on April 22, 2008 [**Docket # 10**]. Defendants move to dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted under FED. R. CIV. P. 12(b)(6).

## II. STANDARD OF REVIEW

Granting a motion to dismiss is a harsh remedy which must be exercised with caution to protect the liberal rules of pleading and the interests of justice. *See Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989). Thus, the Federal Rules of Civil Procedure erect a powerful presumption against rejecting pleadings for failure to state a claim. *Id*. Nonetheless, a claim "may be dismissed either because it asserts a legal theory not cognizable as a matter of law or because the claim fails to allege sufficient facts to support a cognizable legal claim." *Golan v. Ashcroft*, 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004).

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, a district court must accept as true all factual allegations in the complaint. *See Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). While the factual allegations need not be pleaded in great detail, they must be sufficiently precise to raise a right to relief above the speculative level. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65, 1969 (2007)

2

(abrogating the rule of *Conley v. Gibson*, 355 U.S. 41, 44–45 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"); *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).

A district court should dismiss the complaint if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *See Twombly*, *supra*, 127 S. Ct. at 1974; *see also Kay*, *supra*, 500 F.3d at 1218. "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 127 S. Ct. at 1974). "Plausibility," however, does not refer to the likelihood that the allegations can be proven or even that the allegations are true. *See Robbins*, 519 F.3d at 1247.

"The determination of whether a complaint contains enough allegations of fact to state a claim to relief that is plausible on its face is dependent on the context of the claim raised." *Mink v. Knox*, 566 F. Supp. 2d 1217, 1221 (D. Colo. 2008); *see also Robbins*, *supra*, 519 F.3d at 1248. The "mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk*, *L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). Accordingly, "within the context of the claim alleged, the complaint must contain enough specific allegations of fact to show that if all the alleged facts—and only the alleged facts—are

believed to be true, the plaintiff has a claim for relief." *Knox*, 566 F. Supp. 2d at 1222; *see Twombly*, *supra*, 127 S. Ct. at 1965; *Robbins*, 519 F.3d at 1247–48;

### III. ANALYSIS

A federal court sitting in diversity applies the substantive law of the forum state. *See Mincin v. Vail Holdings, Inc.*, 308 F.3d 1105, 1108 (10th Cir. 2002). The Colorado Supreme Court is the final authority on Colorado law. *See Fid. Union Trust Co. v. Field*, 311 U.S. 169, 177–78 (1940). When I am called upon to interpret Colorado law, therefore, I must first look to rulings of the Colorado Supreme Court. *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 899 (10th Cir. 2006). If no applicable rulings exist, I must endeavor to predict how the Colorado Supreme Court would rule. *Id.* In such circumstances, I must follow any intermediate state court decision unless other authority demonstrates the Colorado Supreme Court would decide otherwise. *Daitom, Inc. v. Pennwalt Corp.*, 741 F.2d 1569, 1574 (10th Cir. 1984). The policies underlying the applicable legal doctrines, the doctrinal trends indicated by these policies, and the decisions of other courts may also inform my analysis. *Id.* at 1574–75.

#### A. Breach of Contract

In its First Claim for Relief, Plaintiff alleges: Zybertech has utilized Plaintiff's software to formulate its own competing software; Zybertech is competing directly against Plaintiff in violation of the Agreement; Zybertech is acting as a competitor against Plaintiff; Zybertech has breached a contract with Plaintiff; and Plaintiff has suffered damages as a result of the breach. Defendants argue Plaintiff fails to allege "that Plaintiff either performed its obligations under the purported contract with Zybertech, or that Plaintiff was excused from doing so" and that such an allegation is a necessary element in a breach of contract claim under Colorado law. I agree.

4

"It has long been the law in Colorado that a party attempting to recover on a claim for breach of contract must prove the following elements: (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff." *Western Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992). Failure to allege each of these elements is grounds for dismissal for failure to state a claim. *See Hemmann Mgmt. Servs. v. Mediacell, Inc.*, 176 P.3d 856, 858–59 (Colo. Ct. App. 2007). Accordingly, within the context of the claim alleged, Plaintiff fails to allege sufficient facts to show that if all the alleged facts—and only the alleged facts—are believed to be true, Plaintiff has a claim for relief. *See Twombly*, *supra*, 127 S. Ct. at 1965; *Robbins*, 519 F.3d at 1247–48. Plaintiff's breach of contract claim is therefore dismissed.

### B. Breach of the Implied Covenant of Good Faith and Fair Dealing

In its Second Claim for Relief, Plaintiff alleges: Zybertech violated the implied covenant of good faith and fair dealing inherent in the Agreement and, as a direct result of that violation, Plaintiff suffered damages. Defendants argue Plaintiff fails to allege Defendants had "discretionary authority to determine certain terms of the contract" and that such an allegation is a necessary element in a "breach of the implied covenant of good faith and fair dealing" claim under Colorado law. Defendants also argue Plaintiff "merely pleads the conclusory allegation that 'Zybertech has violated the implied covenant of good faith and fair dealing implicit in the Agreement.' Such a conclusory allegation is insufficient to save Plaintiff's claim from dismissal." Finally, Defendants argue Plaintiff's implied covenant of good faith and fair dealing claim is subsumed in Plaintiff's breach of contract claim and—because Plaintiff's breach of contract claim is dismissed—must be dismissed. As I agree with Defendants on the first two

points, I do not reach the third.

"Colorado, like the majority of jurisdictions, recognizes that every contract contains an implied duty of good faith and fair dealing." *Amoco Oil Co. v. Ervin*, 908 P.2d 493, 498 (Colo. 1995). The duty arises "when one party has discretionary authority to determine certain terms of the contract, such as quantity, price, or time. The duty may be relied upon only when the manner of performance under a specific contract term allows for discretion on the part of either party." *Id*. As Plaintiff fails to allege "a specific contract term allow[ing] for discretion on the part of either party," Plaintiff fails to allege sufficient facts to show that if all the alleged facts—and only the alleged facts—are believed to be true, Plaintiff has a claim for relief. *See Twombly*, *supra*, 127 S. Ct. at 1965; *Robbins*, 519 F.3d at 1247–48.

Plaintiff's statement, "Zybertech has violated the implied covenant of good faith and fair dealing implicit in the Agreement," is not a statement of fact which must be assumed true for purposes of this motion, but is instead a legal conclusion. *See Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001). It is well-established in this Circuit that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Erikson v. Pawnee County Bd. of Comm'rs*, 263 F.3d 1151, 1154–55 (10th Cir. 2001). Without specific factual allegations supporting this conclusion, Plaintiff has no claim for relief. *See Twombly*, *supra*, 127 S. Ct. at 1965; *Robbins*, 519 F.3d at 1247–48. Accordingly, Plaintiff's breach of the implied covenant of good faith and fair dealing claim is likewise dismissed.

C.  Promissory Estoppel

In its Third Claim for Relief, Plaintiff alleges simply: "Zybertech is estopped to deny its obligations and promises under the Agreement." Under Colorado law, "the elements of a claim for promissory estoppel are: (1) a promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee; (2) action or forbearance induced by that promise; and (3) the existence of circumstances such that injustice can be avoided only by enforcement of the promise." *Nelson v. Elway*, 908 P.2d 102, 110 (Colo. 1995). Plaintiff fails to allege sufficient facts to show that if all the alleged facts—and only the alleged facts—are believed to be true, even one of these elements are met. *See Twombly*, *supra*, 127 S. Ct. at 1965; *Robbins*, 519 F.3d at 1247–48. Accordingly, Plaintiff's promissory estoppel claim is dismissed.

D.  Implied Contract/Unjust Enrichment

In its Fourth Claim for Relief, Plaintiff alleges: Zybertech's use and copying of Plaintiff's software constitutes breach of implied contract and unjust enrichment; Zybertech used Plaintiff's software to develop its own program and sold that program to Zybertech's customers; and, as a result, Plaintiff has suffered damages. Defendants argue Plaintiff's unjust enrichment and implied contract claim should be dismissed because the conduct in question is allegedly covered by an express contract, and because Plaintiff's claims are preempted by the Copyright Act. While it is true that a party may not recover on both an implied contract or unjust enrichment claim and an express contract claim covering the same subject matter, "Colorado law permits a party to advance multiple theories of recovery, even if the party will not be permitted to recover under each of those theories." *See Hemmann*, *supra*, 176 P.3d at 860 (citing *City & County of*

7

*Denver v. Dist. Ct.*, 939 P.2d 1353, 1359 n.5 (Colo. 1997)); *Interbank Invs., LLC v. Eagle River Water & Sanitation*, 77 P.3d 814, 816 (Colo. Ct. App. 2003). Accordingly, Plaintiff's allegation of an express contract does not preclude its implied contract and unjust enrichment claim. I turn next to Defendants' preemption argument as it relates to an unjust enrichment claim and an implied contract claim.

*1. Unjust enrichment*

"Section 301 of the Copyright Act preempts enforcement of any state cause of action which is equivalent in substance to a federal copyright infringement claim." *Harolds Stores, Inc. v. Dillard Dept. Stores, Inc.*, 82 F.3d 1533, 1542 (10th Cir. 1996) (citing 17 U.S.C. § 301). In determining whether the state cause of action is equivalent in substance to a copyright action, I ask whether: "(1) the work is within the scope of the subject matter of copyright as specified in 17 U.S.C. § 102 and 103; and (2) the rights granted under state law are equivalent to any exclusive rights within the scope of federal copyright as set out in 17 U.S.C. § 106." *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 847 (10th Cir. 1993). Although Plaintiff argues it never registered its software under the Copyright Act, preemption applies whenever the subjected work "falls within the subject matter of copyright," even when the specific work is not copyrighted. *See Ehat v. Tanner*, 780 F.2d 876, 878 (10th Cir. 1985). It cannot reasonably be disputed "that computer programs, like the one at issue here, are within the subject matter of a copyright." *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 229 (4th Cir. 1993).

Section 106 grants the copyright owner the exclusive rights to: (1) reproduce the copyrighted work; (2) prepare derivative works; (3) distribute copies of the work; (4) perform the work publicly; and (5) display the work publicly. *Gates Rubber Co.*, *supra*, 9 F.3d at 847. If

the state cause of action requires an extra element beyond these five exclusive rights, "then the state cause of action is qualitatively different from, and not subsumed within, a copyright infringement claim and federal law will not preempt the state action." *Id*.

Unjust enrichment "is an equitable doctrine that permits recovery when a plaintiff shows '(1) that a benefit was conferred on the defendant by the plaintiff, (2) that the benefit was appreciated by the defendant, and (3) that the benefit was accepted by the defendant under such circumstances that it would be inequitable for it to be retained without payment.'" *Ninth Dist. Prod. Credit Ass'n v. Ed Duggan, Inc.*, 821 P.2d 788, 794–95 (Colo. 1991) (quoting *Cablevision of Breckenridge v. Tannhauser Condo. Ass'n,* 649 P.2d 1093, 1096–97 (Colo. 1982)). The elements of a copyright infringement claim are: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). It is not necessary in a copyright infringement claim to show the infringing party received any benefit from the copying, let alone a benefit that it would be inequitable for the infringing party to retain without payment. Plaintiff's unjust enrichment claim therefore requires proof of an extra element beyond those required for a copyright infringement claim.

All courts considering the issue, however—including the Tenth Circuit—have held the "enrichment" element of an unjust enrichment claim is not sufficiently distinct from the underlying copying to make an unjust enrichment claim qualitatively different from a copyright infringement claim. *See*, *e.g.*, *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004); *Ehat v. Tanner*, *supra*, 780 F.2d at 877–78; *MDM Group Assocs., Inc. v. ResortQuest Int'l, Inc.*, No. 06-cv-01518, 2007 WL 2909408, at *9 (D. Colo. Oct. 1, 2007).

9

Accordingly, Plaintiff's unjust enrichment claim is preempted by the Copyright Act.

## 2. *Implied contract*

As Plaintiff accurately notes, the law is less clear on whether the "implied contract" claim is preempted. "For the purpose of the preemption analysis, there is a crucial difference between a claim based on quasi-contract, i.e., a contract implied in law, and a claim based upon a contract implied in fact. In the former, the action depends on nothing more than the unauthorized use of the work. Thus, an action based on a contract implied in law requires no extra element in addition to an act of reproduction, performance, distribution or display, whereas an action based on a contract implied in fact requires the extra element of a promise to pay for the use of the work which is implied from the conduct of the parties." *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 459 (6th Cir. 2001). Accordingly, when an implied contract claim "contains the essential element of expectation of compensation which is an element not envisioned by § 106," there is no preemption. *See id.*; *see also Grosso v. Miramax Film Corp.*, 383 F.3d 965, 968 (9th Cir. 2004) (holding an implied-in-fact contract claim "is not pre-empted by the Copyright Act, because it alleges an extra element that transforms the action from one arising under the ambit of the federal statute to one sounding in contract").

When determining whether Plaintiff has pled a implied-in-law contract claim that is preempted, or an implied-in-fact contract claim that is not pre-empted, the proper inquiry is to "compare the elements of the causes of action, not the facts pled to prove them." *See Harolds Stores*, *supra*, 82 F.3d at 1543. The elements of the claim pled here do not include "the essential element of expectation of compensation." *See Wrench LLC*, *supra*, 256 F.3d at 459; *Ninth Dist. Prod. Credit Ass'n v. Ed Duggan, Inc.*, 821 P.2d 788, 800 (Colo. 1991). Accordingly, I conclude

Plaintiff's Fourth Claim for Relief asserts a claim under an implied-in-law contract theory and is preempted by the Copyright Act. Plaintiff's unjust enrichment and implied contract claim is dismissed.

### E. Conversion

In its Fifth Claim for Relief, Plaintiff alleges: Defendants planned, orchestrated, and oversaw the use of Plaintiff's software to create the competing program and Defendants conduct in so doing "constitutes conversion of BuilderMT's intellectual property and confidential information." Under Colorado law, the elements of a claim for conversion are "actual dominion over the property of another, a demand by the owner for return of the property, and refusal of the demand by the other party." *Internet Archive v. Shell*, 505 F. Supp. 2d 755, 763 (D. Colo. 2007). "Predicates to a successful claim for conversion are the owner's demand for the return of the property, and the controlling party's refusal to return it." *Id*. at 762. Retaining computer files—at least where, as here, what is retained is merely a copy of files that remain in the possession of the rightful title holder—is insufficient to show actual dominion of property sufficient to support a conversion claim. *Id*. at 763. Accordingly, Plaintiff's conversion claim is dismissed.

### IV. LEAVE TO AMEND

In its response brief [**Docket # 12**], Plaintiff seeks leave to amend its complaint to cure any defects. Such a request is not properly considered as a motion to amend. *See Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 370–71 (10th Cir. 1989).

## V. CONCLUSION

Each of the five Claims for Relief alleged by Plaintiff fails to state a claim for relief that is plausible on its face. Accordingly, Defendants' Motion to Dismiss [**Docket # 10**] is GRANTED and this case is DISMISSED. Each party shall bear its own costs.

Dated: October   24  , 2008.

BY THE COURT:

  s/Lewis T. Babcock
Lewis T. Babcock, Judge