# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### LEWIS T. BABCOCK, JUDGE

Civil Action No. 08-cv-00435-LTB

BUILDER MT LLC,

      Plaintiff,

v.

ZYBERTECH CONSTRUCTION SOFTWARE SERVICES, LTD, d/b/a HOMEFRONT, and
DARYL SHENNER, individually,

      Defendants.

---

# ORDER

---

     This intellectual property case is before me on Plaintiff, Builder MT LLC's, Motion to

Vacate Judgment and motion to amend the complaint incorporated therein [**Docket # 16**];

Defendants, Zybertech Construction Software Services, LTD ("Zybertech"), and Daryl

Shenner's Response [**Docket # 20**]; and Plaintiff's Reply [**Docket # 21**].  Oral arguments would

not materially assist the determination of this motion.  After consideration of the motion, the

papers, and the case file, and for the reasons stated below, I DENY Plaintiff's Motion to Vacate

Judgment [**Docket # 16**] as well as Plaintiff's motion to amend the complaint.

## I.  BACKGROUND

     The following facts are alleged in the Complaint [**Docket # 1**].  Plaintiff is a software

developer that markets and sells software to the construction industry.  Plaintiff entered into a

contractual agreement (the "Agreement") with Zybertech—a Canadian company—under which

Zybertech agreed to sell Plaintiff's products in Canada.  Zybertech also agreed not to sell or

promote any competing software and not to copy Plaintiff's software except for backup

purposes. Zybertech also agreed not to make Plaintiff's software available to third parties except as authorized by the Agreement or as consented to in writing by Plaintiff. Plaintiff alleges Zybertech used Plaintiff's software to design and develop its own competing software program.

Plaintiff filed a Complaint on February 29, 2008, alleging five claims for relief: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) promissory estoppel; (4) implied contract/unjust enrichment; and (5) conversion. On October 24, 2008, I dismissed all five claims for failure to state a claim upon which relief could be granted [**Docket # 14**]. Plaintiff now moves to vacate my October 24, 2008, Order and to amend the Complaint.

## II. STANDARD OF REVIEW

Plaintiff moves to vacate the October 24, 2008, Order on grounds of excusable neglect and attorney mistake. Accordingly, although styled as Rule 59(e) motion, Plaintiff's motion must be analyzed under the standards applicable to Rule 60(b). *See Jennings v. Rivers*, 394 F.3d 850, 855–56 (10th Cir. 2005).

Rule 60(b) provides that a court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). "Rule 60(b) is an extraordinary procedure permitting the court that entered judgment to grant relief therefrom upon a showing of good cause within the rule. It is not a substitute for appeal, and must be considered with the need for finality of judgment." *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983). The rule "seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Id.* at 1444

(citations omitted).

Rule 60(b) "should be liberally construed when substantial justice will thus be served." *Id*. Nonetheless, the burden of proving excusable neglect rests with the party moving to have the judgment set aside. *See Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990). Relevant factors for the court to consider include the danger of prejudice to the opposing party, the potential impact on judicial proceedings, the reason for the mistake—including whether it was within the reasonable control of the movant—and whether the movant acted in good faith. *See Jennings*, 394 F.3d at 856.

The reason for the mistake is the most important factor in determining whether neglect is excusable. *See id.* "Carelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)." *See Pelican Prod. Corp.*, 893 F.2d at 1146. Thus, the rule should not be used to "allow a party merely to reargue an issue previously addresses by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996). The court may consider, however, whether the mistake was a single unintentional incident and whether the attorney attempted to correct his action promptly after discovering the mistake. *See Jennings*, 394 F.3d at 857.

### III. ANALYSIS

Weighing the relevant factors, I am convinced Plaintiff has not shown excusable neglect. Plaintiff's only excuse for filing its deficient motion is its own failure to follow the rules of pleading announced by the Supreme Court—and cited with approval by the courts of this Circuit hundreds of times since—in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). While the

precise meaning of the rule announced in *Bell Atlantic* was arguably somewhat ambiguous when the opinion issued in May 2007, its interpretation was well-developed in this Court and this Circuit by the time Plaintiff filed its Complaint.

Even if Plaintiff was unaware of the *Bell Atlantic* pleading standard when it filed its Complaint, Plaintiff was put on notice that its pleadings were deficient on April 22, 2008, when the motion to dismiss was filed. Despite such notice, Plaintiff rolled the dice and waited until its case had been dismissed. Now—and based wholly on "supporting facts which were available for presentation at the time of the original argument"—Plaintiff seeks to vacate the dismissal and to file an amended complaint. Plaintiff fails to show a legitimate reason for its failure to amend previously, particularly in light of the fact that Plaintiff was free to amend without seeking leave of the Court under Rule 15(a)(1)(A).

In addition, the Court is troubled by Plaintiff's representation in the present motion that, pursuant to Local Rule 7.1, Plaintiff's "counsel hereby certifies that it conferred with Defendant's counsel who objects to the granting of this Motion." Such a conferral never occurred. In addition to Plaintiff's certified statement regarding conferral being false, failure to confer alone is sufficient grounds to warrant denial of the present motion. *See McCoy v. West*, 965 F. Supp. 34, 35 (D. Colo. 1997). Plaintiff's failure to follow the local rule—accompanied by its deliberate decision to mislead the Court—suggests bad faith and a pattern of disregard for the rules and procedures of the Court. Accordingly, the Court declines to grant Plaintiff's motion.

## IV. CONCLUSION

Once judgment is entered, the filing of an amended complaint is not permissible unless the final judgment is set aside or vacated. *See Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d

1084, 1087 (10th Cir. 2005).  Accordingly,

IT IS ORDERED that Plaintiff's Motion to Vacate Judgment [**Docket # 16**]—including Plaintiff's motion to amend the complaint incorporated therein—is DENIED.  Defendant is awarded costs.


Dated: December  __16__, 2008.

BY THE COURT:


____s/Lewis T. Babcock_____
Lewis T. Babcock, Judge